**[Cite as *State v. Rodgers*, 2025-Ohio-5101.]**

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,
CITY OF WARREN,

                Plaintiff-Appellee,

- vs -

MICHAEL A. RODGERS,

                Defendant-Appellant.

**CASE NO. 2025-T-0015**

Criminal Appeal from the
Warren Municipal Court

Trial Court No. 2024 CRB 002023

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: November 10, 2025
Judgment: Appeal dismissed

---

*Enzo Cantalamesa,* Warren City Law Director, and *Cheryl Zebrasky,* Assistant Prosecutor, 141 South Street, S.E., Warren, OH 44481 (For Plaintiff-Appellee).

*Edward A. Czopur,* P.O. Box 3313, 407 Boardman-Canfield Road, Suite 3313, Youngstown, OH 44503 (For Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1} On March 28, 2025, appellant, Michael A. Rodgers ("Rodgers"), through original counsel, Attorney Candace C. Garrett ("Attorney Garrett"), filed a notice of appeal from the Warren Municipal Court's February 25, 2025 entry. The entry reflected that a hearing was held and that Rodgers was found to be in violation of his community control. The trial court did not revoke community control. Instead, the entry amended Rodgers's sentence to 180 days in jail with 163 days suspended and imposed an additional condition

of community control that Rodgers complete a mental health evaluation and comply with any recommendations as a result of the evaluation.[1]

{¶2}   On May 1, 2025, this court ordered original counsel to show cause why this appeal should not be dismissed for lack of a final appealable order. Attorney Garrett failed to file a response to that order. New counsel was subsequently appointed on June 12, 2025. There has been no response to the court's order to show cause.

{¶3}   Rodgers's notice of appeal was filed outside of rule.  "[A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." App.R. 4(A)(1). The trial court's judgment entry was filed on February 25, 2025. The notice of appeal was filed on March 28, 2025. A timely notice of appeal was due on or before March 27, 2025. As the appeal was untimely filed, this court lacks jurisdiction. The untimeliness of the notice of appeal provides the basis for dismissal.

{¶4}   Supplementary to our conclusion that Rodgers's appeal was untimely, we note that it is unclear whether the Warren Municipal Court's February 25, 2025 order complied with Crim.R. 32(C) and is a final appealable order. However, such inquiry is premature in light of this court's determination that Rodgers's appeal is untimely.

{¶5}   App.R. 5(A)(1) states: "After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases: Criminal proceedings . . . ." App.R. 5(A)(2) further provides that "[a] motion for

---

1. The initial sentence imposed in this case was as follows: 180 days in jail with 175 days suspended, and Rogers was placed on probation for 1 year.

Case No. 2025-T-0015

leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right."

{¶6} Rodgers has neither complied with the thirty-day rule set forth in App.R. 4(A)(1) nor sought leave to appeal under App.R. 5(A). Thus, this court is without jurisdiction to consider the appeal.

{¶7} This appeal is dismissed, sua sponte, as untimely.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2025-T-0015

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is hereby dismissed, sua sponte, as untimely.

Costs shall be taxed against appellant.

_____
PRESIDING JUDGE ROBERT J. PATTON

_____
JUDGE MATT LYNCH,
concurs

_____
JUDGE JOHN J. EKLUND,
concurs

| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
| --- |
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case No. 2025-T-0015